IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ~~ D.C.

05 DEC -9 PM 5: 34

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CLEOPHIS KING, | Χ Χ Χ |  |
| Petitioner, | Χ Χ |  |
| vs. | Χ Χ | No. 05-2806-Ma/V |
| STEPHEN DOTSON, | Χ Χ |  |
| Respondent. | Χ Χ |  |

ORDER CORRECTING THE DOCKET
ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Cleophis King, Tennessee Department of Correction prisoner number 304481, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254 on September 22, 2005, along with an application seeking leave to proceed in forma pauperis.[1] On the basis of the information set forth in the petitioner's affidavit, the motion to proceed in forma pauperis is

---

[1]     Although the petition states on its face that it is brought pursuant to 28 U.S.C. § 2255, the petitioner is not a federal prisoner and he is not serving a federal sentence. The attachments to the petition make clear that King is challenging the state conviction on which he is currently incarcerated. The Clerk is ORDERED to correct the docket to reflect that this is a petition pursuant to 28 U.S.C. § 2254.



This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _12 - 15 - 05_

3

GRANTED. The Clerk shall record the respondent as WCF warden Stephen Dotson.

I.   STATE COURT PROCEDURAL HISTORY

On April 26, 1999, King entered guilty pleas in the Shelby County Criminal Court to one count of especially aggravated robbery, a Class A felony; one count of especially aggravated kidnapping, a Class A felony; and two counts of aggravated robbery, Class B felonies. Pursuant to his plea agreement, he was sentenced to concurrent terms of fifteen years at 100% for the especially aggravated robbery conviction; fifteen years at 100% for the especially aggravated kidnapping conviction; and eight years at 30% for each of the aggravated robbery convictions. King did not take a direct appeal.

King filed a pro se petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in the Shelby County Criminal Court on March 29, 2000. Counsel was appointed to represent King, and the postconviction court conducted an evidentiary hearing on January 11, 2001. On April 30, 2001, the postconviction court entered an order dismissing the petition, and the Tennessee Court of Criminal Appeals affirmed. King v. State, No. W2001-01151-CCA-R3-PC, 2003 WL 21339280 (Tenn. Crim. App. Apr. 29, 2003), perm. app. denied (Oct. 6, 2003).

It appears that King filed a petition for a writ of habeas corpus pursuant to Tenn. Code Ann. § 29-21-101 et seq. in the Shelby County Criminal Court on or about December 29, 2004. The respondent filed a motion to dismiss the petition, and the trial court granted the motion on May 2, 2005. King filed a notice of appeal, which was returned by the trial court as untimely. He subsequently filed a motion in the Tennessee Court of Criminal Appeals for permission to file a late appeal. That motion was denied on July 11, 2005. King v. State, No. W2005-01478-CCA-MR3-HC (Tenn. Crim. App. July 11, 2005).

II.     PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, King raises the following issues:

1.  Whether his sentence violates his right to due process because the sentencing court enhanced his sentence in violation of Blakely v. Washington, 542 U.S. 296 (2004);

2.  Whether the sentencing court lacked jurisdiction to impose a plea bargain sentence at 100% that exceeded the 30% penalty mandated by Tenn. Code Ann. § 40-35-105 when King was a standard offender without prior convictions under the 1989 Sentencing Act; and

3.  Whether postconviction counsel rendered ineffective assistance in violation of the Sixth Amendment.

III. ANALYSIS OF THE MERITS

As a preliminary matter, King's second claim, that his sentence was imposed in violation of Tennessee law, is not cognizable in a petition pursuant to 28 U.S.C. § 2254. This Court

3

may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Error in the application of state law is not cognizable in a federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Pulley v. Harris, 465 U.S. 37, 41 (1984). King's second claim is based on Tennessee statutory law and, therefore, this Court has no jurisdiction over it. This aspect of King's petition is without merit and is DISMISSED.[2]

Considering King's remaining claims, the first issue to be addressed is the timeliness of this petition. Twenty-eight U.S.C. § 2244(d) provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall begin to run from the latest of—

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[2]      Even if Tennessee law were not at issue, this claim is also time barred, pursuant to 28 U.S.C. § 2244(d)(1), for the reasons discussed infra.

United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on
collateral review; and

(D) the date on which the factual predicate of the
claim or claims presented could have been
discovered through the exercise of due
diligence.

(2) The time during which a properly filed application
for State post-conviction or other collateral
review with respect to the pertinent judgment or
claim is pending shall not be counted toward any
period of limitation under this subsection.

Application of these provisions in this case is
straightforward. State convictions ordinarily become "final" within
the meaning of § 2244(d)(1)(A) when the time expires for filing a
petition for a writ of certiorari from a decision of the highest
state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283
(6th Cir. 2000). King did not take a direct appeal, so his
conviction became final no later than the expiration of the time
for taking a direct appeal. See Sanchez-Castellano v. United
States, 358 F.3d 424 (6th Cir. 2004) (§ 2255 motion); see also
DiCenzi v. Rose, 419 F.3d 493, 497-98 (6th Cir. 2005) (§ 2254
petition; assuming that, where petitioner did not take a direct
appeal, limitations period for claims arising out of sentencing
hearing began to run on date of hearing and expired one year
later); United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002)

("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view"). In Tennessee, with certain exceptions that are not applicable here, a notice of appeal must be filed within thirty days of the entry of judgment. Tenn. R. App. P. 4(a). In this case, the judgment was entered on April 26, 1999, and the time for filing a notice of appeal expired on May 26, 1999.   Therefore, the limitations period began running on that date. The running of the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when King filed his postconviction petition on March 29, 2000. By that time, three hundred eight (308) days of the one-year limitations period had elapsed. The Tennessee Court of Criminal Appeals affirmed the dismissal of the postconviction petition on April 29, 2003, and the Tennessee Supreme Court denied permission to appeal on October 6, 2003. The running of the limitations period recommenced at the expiration of the time for filing a petition for a writ of certiorari, on January 5, 2004. Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (en banc), cert. denied, 541 U.S. 1070 (2004).[3] Only fifty-seven (57) days of the limitations period remained at the time, and the limitations period for most claims expired on March 2, 2004. King's petition was signed on September 15, 2005,

---

[3]     Because the ninetieth day fell on Sunday, January 4, 2004, King had until the next day to file a timely petition. Sup. Ct. R. 30.1.

6

well after the expiration of the limitations period. Therefore, it is time barred.

King's first claim relies on the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), which was issued on June 24, 2004. King would presumably take the position that the one-year limitations period with respect to this claim commenced on the date the decision in <u>Blakely</u> was issued. <u>See</u> 28 U.S.C. § 2244(d)(1)(C).[4] The Supreme Court has held, however, that a new constitutional rule has been "made retroactively applicable to cases on direct review" only if the Supreme Court has so held. <u>Tyler v. Cain</u>, 533 U.S. 656, 662 (2001). Applying that standard, each circuit court of appeals that has considered the issue has held that <u>Blakely</u> has not been made retroactive to cases on collateral review. <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005) (per curiam); <u>Carmona v. United States</u>, 390 F.3d 200, 202-03 (2d Cir. 2004) (per curiam); <u>Cook v. United States</u>, 386 F.3d 949, 950 (9th Cir. 2004); <u>Cuevas v. Derosa</u>, 386 F.3d 367 (1st Cir. 2004) (per curiam); <u>Leonard v. United States</u>, 383 F.3d 1146, 1148 (10th Cir. 2004) (per curiam); <u>Simpson v. United States</u>, 376 F.3d 679, 681-82 (7th Cir. 2004); <u>In re Dean</u>, 375 F.3d 1287, 1290 (11th

---

[4]    The short answer to this argument is that this petition was filed more than one year after the issuance of the Supreme Court's decision in <u>Blakely</u>. It is possible, however, that King raised a <u>Blakely</u> claim in his state habeas petition and, if he did, the running of the limitations period on that claim would be stayed during the pendency of that petition, assuming that the limitations period for the <u>Blakely</u> claim began running when that decision issued. Because it is not possible to discern from the record before the Court whether King raised a <u>Blakely</u> claim in his state habeas petition, the Court will not dismiss the claim on that basis.

Cir. 2004). Although it has not addressed the issue, the Sixth Circuit has previously held that the Supreme Court had not made Apprendi v. New Jersey, 530 U.S. 466 (2000), a precursor to Blakely, applicable to cases on collateral review. In re Clemmons, 259 F.3d 489, 492-93 (6th Cir. 2001). Thus, King has not met his burden of demonstrating that his Blakely claim is timely pursuant to 28 U.S.C. § 2244(d)(1)(C).[5]

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

---

[5]     It also does not appear that King is entitled to relief on this claim for another reason. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 124 S. Ct. 2519, 2522-26 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those factors be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that Blakely issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). By the same reasoning, a state prisoner whose conviction became final before the decision in Blakely was issued may not obtain relief under Blakely.

Dunlap, 250 F.3d at 1008.[6]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations

---

[6]    This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

period does not toll the limitations period."); <u>cf.</u> <u>Jurado</u>, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[7]

King cannot satisfy his burden of demonstrating that equitable tolling would be appropriate in this case. The petition was filed more than eighteen months after the expiration of the limitations period, and it contains no explanation for the dilatory filing. For the reasons previously stated, King's apparent ignorance of the law provides no basis for tolling of the limitations period.

Accordingly, the Court DISMISSES the petition, in its entirety, as time barred.

IV. <u>APPEAL ISSUES</u>

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

   (1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

      (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

      (B)  the final order in a proceeding under section 2255.

---

[7]   <u>See also</u> <u>Cobas v. Burgess</u>, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

> (2)    A certificate of appealability may issue under
>         paragraph (1) only if the applicant has made a
>         substantial showing of the denial of a
>         constitutional right.
>
> (3)    The certificate of appealability under paragraph
>         (1) shall indicate which specific issue or issues
>         satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio

Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district

judges may issue certificates of appealability under the AEDPA). No

§ 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the

Supreme Court stated that § 2253 is a codification of the standard

announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which

requires a showing that "reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were

"'adequate to deserve encouragement to proceed further.'" Slack,

529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue

limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require
> a showing that the appeal will succeed. Accordingly, a
> court of appeals should not decline the application of a
> COA merely because it believes the applicant will not
> demonstrate an entitlement to relief. The holding in
> Slack would mean very little if appellate review were
> denied because the prisoner did not convince a judge, or,
> for that matter, three judges, that he or she would
> prevail. It is consistent with § 2253 that a COA will
> issue in some instances where there is no certainty of
> ultimate relief. After all, when a COA is sought, the

11

whole premise is that the prisoner "'has already failed
in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot,

463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more
> than the absence of frivolity'" or the existence of mere
> "good faith" on his or her part. . . . We do not require
> petitioners to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus.
> Indeed, a claim can be debatable even though every jurist
> of reason might agree, after the COA has been granted and
> the case has received full consideration, that petitioner
> will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342

(cautioning courts against conflating their analysis of the merits

with the decision of whether to issue a COA; "The question is the

debatability of the underlying constitutional claim, not the

resolution of that debate.").[8]

In this case, there can be no question that this petition

is time barred and, therefore, any appeal by this petitioner on any

of the issues raised in this petition does not deserve attention.

The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation

Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to

appeals of orders denying § 2254 petitions. Kincade v. Sparkman,

117 F.3d 949, 951 (6th Cir. 1997).   Rather, to appeal in forma

---

[8]    By the same token, the Supreme Court also emphasized that "[o]ur
holding should not be misconstrued as directing that a COA always must issue."
Id. at 337. Instead, the COA requirement implements a system of "differential
treatment of those appeals deserving of attention from those that plainly do
not." Id.

12

pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this ___8th___ day of December, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

13

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02806 was distributed by fax, mail, or direct printing on December 15, 2005 to the parties listed.

---

Cleophis King
#304481
P.O. Box 679
Whiteville, TN 38075

Honorable Samuel Mays
US DISTRICT COURT